WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jhon Nigel Brisken,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Griego, et al.,<br><br>Defendants. | No. CV-16-02434-PHX-JJT (ESW)<br><br>**ORDER** |

This is a civil rights action initiated by Arizona state prisoner Jhon Nigel Brisken ("Plaintiff") pursuant to 42 U.S.C. § 1983. On March 30, 2017, the Court ordered (i) Defendants Beare and Gilwrath to answer Count One of the Third Amended Complaint and (ii) Defendants Thomas and Griego to answer Counts Two and Three of the Third Amended Complaint. (Doc. 19 at 5). Pending before the Court are several motions discussed below.

## I. DISCUSSION

### A. "Request for Discovery" (Doc. 43)

Federal Rules of Civil Procedure Rule 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule

5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff propounds a number of discovery requests in his Request filed on August 9, 2017 (Doc. 43), which the Clerk of Court has docketed as a "Motion (Request) for Discovery." Plaintiff has not "used" these discovery requests in the proceeding (e.g. by relying upon responses in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual discovery requests instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Request for Discovery (Doc. 43) shall be stricken. August 9, 2017 is deemed the date of service of Plaintiff's Request for Discovery.[1]

The Court notes that Plaintiff requests that the Court send to the Plaintiff another two blank complaint forms (Doc. 43 at 6). On June 6, 2017, the Court ordered the Clerk of Court to mail to Plaintiff a blank complaint form. The docket reflects that the Clerk of Court did so on June 6, 2017. The Court again will order the Clerk of Court to mail to Plaintiff two blank complaint forms as requested.

**B. Motion to Appoint Counsel (Doc. 45)**

On April 24, 2017, Plaintiff requested that the Court appoint him counsel (Doc. 20). The Court denied the request (Doc. 22).

On August 11, 2017, Plaintiff again requests in further detail that the Court appoint Plaintiff counsel because (i) he is indigent, not trained in the law, receives medication for mental health, and possesses a sixth grade education, (ii) he is unable to investigate and prosecute his case due to his segregation status and limited access to the law library, (iii) he anticipates the need for medical experts, (iv) discovery and legal issues are complex, (v) he has limited access to pens and paper, and (vi) Plaintiff wishes to pursue a class action lawsuit (Docs. 45, 55, 56).

---

[1] The docket reflects that a Notice of Electronic Filing was transmitted to defense counsel when Plaintiff filed his Request for Discovery.

In the alternative, Plaintiff requests that the Court send him a list of lawyers that Plaintiff can write to who specialize in his type of case (Doc. 56 at 5).

As the Court previously explained in its denial of Plaintiff's first request for counsel, there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court continue to indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Plaintiff's continued ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff remains in a position no different than many pro se prisoner litigants. The Court will deny Plaintiff's second Motion to Appoint Counsel (Doc. 45). The Court does not provide lists of attorneys to litigants. Plaintiff's previous request for a list of attorneys from the Arizona State Bar was referred to the District Judge for ruling as a request for injunctive relief (Doc. 29).

## C. "To the Courts" (Doc. 42) and "Plaintiff's Motion to File a 4th Amended Complaint" (Doc. 61)

In the documents set forth as "To the Courts" (Doc. 42) and "Plaintiff's Motion to File a 4th Amended Complaint" (Doc. 61), Plaintiff requests leave to file a fourth amended complaint. However, as the Court carefully explained in its Order of June 6, 2017 (Doc. 24), Plaintiff must comply with the Local Rules of Civil Procedure and Federal Rules of Civil Procedure when moving for leave to file an amended complaint. Plaintiff was ordered to file a proposed Fourth Amended Complaint in conformity with the Court's Order and the Federal and Local Rules of Civil Procedure no later than July 6, 2017 (Doc. 24 at 2). He has not done so.

"A district court has discretion to adopt local rules. . . . Those rules have 'the force of law.'" *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (citation omitted). Hence, both the parties and the Court are bound by the local rules. LRCiv. 83.3(c) (1) ("Anyone appearing before the court is bound by these Local Rules."); *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). A district court's departure from its local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." *Id.* (internal quotation marks and citation omitted).

LRCiv 15.1(a) provides that:
> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

(emphasis added).

Nor has Plaintiff shown good cause for failing to timely file his motions for leave to amend.

Under Fed. R. Civ. P. 16(b), a district court has the authority to establish a schedule that sets pretrial deadlines, including a deadline for motions to amend pleadings. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*.

Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a). *Johnson*, 975 F.2d at 607-09 ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Johnson*, 975 F.2d at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other*

*grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

The standards of review under Rules 15 and 16 are markedly different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609. Although prejudice to the opposing party can be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* If the movant "was not diligent, the inquiry should end." *Id.*

As noted, on June 6, 2017, the Court ordered the Plaintiff to file his proposed Fourth Amended Complaint by July 6, 2017 (Doc. 24 at 2). He did not do so. Nor did Plaintiff ask for an extension of time prior to the July 6, 2017 deadline. On July 25, 2017, the Court issued its Scheduling Order (Doc. 36). The Court's Scheduling Order required that all motions to amend the complaint and to join additional parties be filed no later than September 21, 2017 (Doc. 36 at 4). On August 4, 2017, Plaintiff filed a second request to file a Fourth Amended Complaint without lodging a proposed Fourth Amended Complaint as required by the Local Rules of Civil Procedure (Doc. 42). The Court will strike Plaintiff's "To the Court" document (Doc. 42) for failure to comply with LRCiv 15.1.

Finally, on September 28, 2017, Plaintiff untimely filed a third "Motion to File a 4th Amended Complaint (Doc. 61) which does not contain a proposed Fourth Amended Complaint as required by LRCiv 15.1, nor does it show good cause for the late request. The Court will strike Plaintiff's "Motion to File a 4th Amended Complaint" for failure to comply with LRCiv 15.1 and Fed. R. Civ. P. 16(b).

## II. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** striking Plaintiff's "Request for Discovery" (Doc. 43).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Appoint Counsel (Doc. 45).

**IT IS FURTHER ORDERED** striking Plaintiff's "To the Court" (Doc. 42) and "Plaintiff's Motion to File a 4th Amended Complaint" (Doc. 61).

**IT IS FURTHER ORDERED** that the Clerk of Court send to Plaintiff two additional blank complaint forms.

Dated this 27th day of October, 2017.

_____
Eileen S. Willett
United States Magistrate Judge