**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jhon Nigel Brisken,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Griego, et al.,<br><br>    Defendants. | No. CV-16-02434-PHX-JJT (ESW)<br><br>**ORDER** |

On March 24, 2017, Plaintiff Jhon Nigel Brisken, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a pro se civil rights Third Amended Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to adequate medical care and right to be free from cruel and usual punishment as well as a violation of his Fourteenth Amendment due process rights. (Doc. 18). The Court ordered Defendants Beare and Gilwrath to answer Count One and Defendants Thomas and Griego to answer Counts Two and Three (Doc. 19). Defendants Gilreath, Thomas, and Griego filed an Answer (Doc. 30). Defendant Beare has not been served. Fully briefed Motions for Summary Judgment are pending before the Court for all appearing Defendants (Docs. 91, 93). A Report and Recommendation regarding dismissal of Defendant Beare is pending before the Court (Doc. 86). A fully briefed "Order to Show Cause for an [sic] Preliminary Injuction [sic]" is pending before the Court (Doc. 107).

On August 30, 2018, Plaintiff filed a second Motion for Appointment of Counsel (Doc.137). Plaintiff requests that the Court appoint counsel for the Plaintiff because (i) Plaintiff is unable to afford hiring his own attorney, (ii) the issues in his case require research and investigation, (iii) counsel would better be able to cross examine witnesses, obtain medical records, and present evidence at trial, (iv) Plaintiff's access to the law library and inmates willing to assist him is limited, (v) Plaintiff may be paroled to Hawaii, and (vi) Plaintiff believes the age of his case reflects a high probability of success.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's continued filings with the Court, as well as the instant motion, indicate that Plaintiff remains capable of navigating his proceedings and

presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff remains in a position no different than many *pro se* prisoner litigants. Having failed to show that any exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied.

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's Motion for Appointment of Counsel (Doc. 137).

Dated this 26th day of September, 2018.

Honorable Eileen S. Willett
United States Magistrate Judge