**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jhon Nigel Brisken, | No. CV-16-02434-PHX-JJT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Griego, et al., | |
| Defendants. | |

On March 24, 2017, Plaintiff Jhon Nigel Brisken, who is confined in the Corrections Corporation of America's Saguaro Correctional Center in Eloy, Arizona, filed a pro se civil rights Third Amended Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right to adequate medical care and right to be free from cruel and usual punishment as well as a violation of his Fourteenth Amendment due process rights. (Doc. 18). Counts One and Two set forth deliberate indifference claims and Count Three sets forth a due process claim. The Court ordered Defendants Beare and Gilwrath to answer Count One and Defendants Thomas and Griego to answer Counts Two and Three (Doc. 19). Defendants Gilreath, Thomas, and Griego filed an Answer (Doc. 30). Defendant Beare has not been served. Fully briefed Motions for Summary Judgment are pending before the Court for all appearing Defendants (Docs. 91, 93). A Report and Recommendation regarding dismissal of Defendant Beare is pending before the Court

(Doc. 86). A request for injunctive relief has been fully briefed and is also pending before the Court. (Doc. 107).

Pending before the Magistrate Judge are three motions in which Plaintiff seeks the appointment of an expert witness: "Under Rule 706 of the Federal Rules of Civil Procedure Plaintif [sic] Files Motion for Court Appointed Witness" (Doc. 147), "Memorandum of Law Motion for Court Appointed Exspert [sic] Witness" (Doc. 151), and "Requests Plaintiff to Resubmit Motion for Court Appointed Exspert [sic] Witness under Civil Procedure 702-705" (Doc. 158). Because this case does not require the appointment of a medical expert to assist the trier of fact or Court, the motions will be denied.

## DISCUSSION

In each of his motions Plaintiff requests that the Court appoint "an ortheopedic [sic] specialist private or from the hospital who doesn't work for Core Civic" and is neutral to examine the Plaintiff to opine whether Defendants were deliberately indifferent to Plaintiff's medical needs (Doc. 147 at 1; Doc. 151 at 3; Doc. 158 at 4).

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). Expert witnesses, however, cannot be appointed solely to aid a litigant in presenting his or her case. Expert witnesses can be only appointed where necessary to aid the court. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that "the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant"). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." WRIGHT & MILLER, 29 FED. PRAC. & PROC. EVID. § 6304 (2004).

The Court finds that Plaintiff's allegations in his Third Amended Complaint (Doc. 18) are not so complicated as to require the appointment of an expert witness to assist the Court. A trier-of-fact does not require a medical expert to determine whether Defendants was deliberately indifferent to Plaintiff's medical needs. *See Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (recognizing that deliberate indifference claims are based upon a subjective state of mind, and thus do normally not require the kind of objective, expert testimony required in a malpractice action). Plaintiff's Motions (Docs. 147, 151, 158) will be denied.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Under Rule 706 of the Federal Rules of Civil Procedure Plaintif [sic] Files Motion for Court Appointed Witness" (Doc. 147), "Memorandum of Law Motion for Court Appointed Exspert [sic] Witness" (Doc. 151), and "Requests Plaintiff to Resubmit Motion for Court Appointed Exspert [sic] Witness under Civil Procedure 702-705" (Doc. 158).

Dated this 31st day of January, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge